UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOAQUIN OSCAR VASQUEZ GUERRERO,      )<br>                                                       )<br>            Petitioner,                       )<br>                                                       )<br>    v.                                              )<br>                                                       )<br>DON RIDING,                              )<br>Officer in Charge, Fresno Sub Office, )<br>Bureau of Citizenship and           )<br>Immigration Services,                  )<br>Department of Homeland Security, )<br>                                                       )<br>            Respondent,                    )<br>_____)<br>                                                       )<br>                                                       ) | CIV-F 05-0474 AWI<br><br><br><br>**ORDER DENYING MOTION TO HOLD IN ABEYANCE** |

In this action, Plaintiff/Petitioner (Petitioner) seeks review of the Bureau of Citizenship and Immigration Services ("BCIS")'s denial of his application for naturalization.  This court has jurisdiction pursuant to 8 U.S.C. § 1421(c) and 28 U.S.C. § 1331.[1]

Pending before this court is Defendant/Respondent ("Respondent")'s motion to hold this case in abeyance pending the outcome of Petitioner's removal proceedings.

---

[1] **8 U.S.C. § 1421(c) allows a petitioner to seek judicial review of a denial of an application for naturalization. Plaintiff/Petitioner has styled his pleading as a complaint for declaratory judgment. The proper form of pleading may be addressed by the parties in subsequent proceedings in this case.**

1

## BACKGROUND

On October 7, 1998, Petitioner was placed in removal proceedings based on a 1998 criminal conviction. These proceedings were suspended pending final determination of Petitioner's naturalization application.

On December 8, 2003, Petitioner filed an application for naturalization. In August of 2004, the BCIS denied the application. The BCIS found that Petitioner had failed to demonstrate the requisite good moral character. Petitioner filed a request for a hearing regarding this denial.

In January of 2005, the BCIS held a hearing on Petitioner's request, and affirmed the denial of Petitioner's application. After this affirmation, Respondent moved to re-calender the removal proceedings against Petitioner.

On April 12, 2005, Petitioner filed a complaint in this court seeking review of the denial of his application for naturalization. On May 10, 2005, Respondent filed a motion to hold this case in abeyance. On May 12, 2005, Petitioner filed an opposition to this motion.

## DISCUSSION

The District Court reviews denials of naturalization applications de novo. 8 U.S.C. § 1421(c). Respondent contends that review of Petitioner's naturalization application while removal proceedings are pending would result in unnecessary litigation, and at most an advisory opinion by the court. Respondent basis its contention on 8 U.S.C. § 1429 and <u>Bellajaro v. Schiltgen</u>, 378 F.3d 1042 (9th Cir. 2004).

Title 8 U.S.C. § 1429 provides:

"Notwithstanding the provisions of section 405(b), and except as provided in sections 328 [8 U.S.C. § 1439] and **329 [8 U.S.C. § 1440]**...no application for naturalization shall be considered by the Attorney General if there is pending against the applicant a removal proceeding pursuant to a warrant of arrest." (<u>Emphasis added</u>).

Petitioner opposes the motion, contending that under 8 U.S.C. § 1440, the prohibition in 8 U.S.C. § 1429 does not apply. 8 U.S.C. § 1440 provides for a different standard for persons who have served in the United States military. Such a person may be naturalized "notwithstanding the provisions of...8 U.S.C. § 1429 as they relate to deportability." 8 U.S.C. § 1440. While the applicant must meet all other requirements for naturalization, neither

deportation proceedings nor a final deportation order will prevent the Attorney General from considering the application of a veteran as described in § 1440. <u>Bellajaro</u> did not involve the applicability of § 1440, but nonetheless held that district courts have jurisdiction to review the denial of an application for naturalization whether or not a removal process is pending. Thus, neither § 1429 nor the holding in <u>Bellajaro</u> prohibit the court's review of Petitioner's application for naturalization while removal proceedings are pending.[2]

### CONCLUSION AND ORDER

For the reasons stated in the above Memorandum Opinion, IT IS HEREBY ORDERED that Respondent's motion to hold this case in abeyance is DENIED.

IT IS SO ORDERED.

**Dated:   July 8, 2005**                         **/s/ Anthony W. Ishii**
0m8i78                                             UNITED STATES DISTRICT JUDGE

---

[2] **The scope of judicial review may be addressed by the parties in subsequent proceedings in this case.**